## THEODORE L. SAVAGE *vs.* SEYMOUR W. STEVENS.

Suffolk. Nov. 13, 1878. — Jan. 28, 1879. COLT & MORTON, JJ., absent.

In an action for false and fraudulent representations, whereby the plaintiff was induced to buy an estate in another state, it appeared that the defendant made representations to the plaintiff in relation to the situation of the estate, and the condition and character of the buildings upon it; that, before the exchange of the deeds, the defendant told the plaintiff that he had never seen the estate; and that, after the exchange of the deeds, the plaintiff went for the first time to see the estate, and found that all of the representations made by the defendant were false. *Held,* that it was no defence that the defendant had not seen the estate; and that whether the plaintiff was negligent in not visiting the estate was a question for the jury.

TORT for false and fraudulent representations made by the defendant, whereby the plaintiff was induced to exchange an estate in Boston for an estate in Tamworth, New Hampshire.

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff introduced evidence tending to show that the estate in Boston was valued at $6000, subject to a mortgage of $4000; that the defendant represented to the plaintiff that the estate in Tamworth was located only two and a half or three miles from Ossipee Centre, that it consisted of forty acres of land in a good state of cultivation, that there was a house built thereon within five or six years, and a good barn upon the land, that the taxes assessed for that year amounted to $100, and that there was an insurance policy for $1000 upon the house; that, before the exchange and delivery of the deeds, the defendant told the plaintiff that he had never seen the Tamworth estate, and referred the plaintiff to three other persons, some of whom made substantially the same statement; that, after the deeds of exchange were passed, the plaintiff went for the first time to Tamworth, and found that the land was sterile, that there were no fences, that there was an old barn nearly gone, that the house was probably one hundred years old, and was greatly dilapidated, without whole windows or doors, and that the taxes were less than $3, according to a tax bill admitted in evidence; that the defendant never produced any insurance policy, but said there was one for $1,000, but it was of no use to transfer it as it expired soon; and that the estate was situated eighteen miles from Ossipee Centre.

The judge directed a verdict for the defendant, on the ground that there was no evidence to sustain the action, because the plaintiff could have ascertained, by visiting the estate and by means accessible to him, what the truth was; there being no evidence that the defendant by any act or statement discouraged or prevented him from making full examination of every particular. The plaintiff alleged exceptions.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff.

*W. P. Harding & A. V. Lynde*, for the defendant, cited *Thom* v. *Bigland*, 8 Exch. 725; *Medbury* v. *Watson*, 6 Met. 246, 259; *Brown* v. *Castles*, 11 Cush. 350; *Gordon* v. *Parmelee*, 2 Allen, 212; *Hemmer* v. *Cooper*, 8 Allen, 334; *Mooney* v. *Miller*, 102 Mass. 217; *Tucker* v. *White*, 125 Mass. 344.

ENDICOTT, J. We are of opinion that this case should have been submitted to the jury. The representations made by the defendant in relation to the situation of the farm, and the condition and character of the buildings, were of material facts, affecting the value of the property, and were not expressions of opinion merely. Where a vendor makes such representations, as of his own knowledge, respecting the property he proposes to convey, and they are false, he is liable to the vendee who relies and acts upon the statements as true; and if not made as of his own knowledge, yet, if he knows them to be false, he is equally liable. It was therefore no conclusive answer in this case that the defendant had not seen the farm in New Hampshire. *Litchfield* v. *Hutchinson*, 117 Mass. 195. It is true that a person to whom such representations are made has no right to rely upon them, if the facts are within his observation, or if he has equal means of knowing the truth. But if the facts are not known to him, and he has not equal means of knowing the truth, and can rely upon the statements made to him without imputation of negligence, then, upon discovering them to be false and fraudulent, he may maintain an action. *Manning* v. *Albee*, 11 Allen, 520. In the case at bar, the farm respecting which the representations were made was situated in Tamworth, New Hampshire, far distant from the place of the bargain. No certain knowledge could be obtained by the plaintiff respecting it, except by visiting the estate. Negligence cannot be imputed to the plaintiff, as matter of law, in failing to visit a

place so distant; and whether he was negligent, in fact, in not doing so, was a question for the jury upon all the evidence in the case. .                                    *Exceptions sustained.*