BRADBURY v. HAINES.

The vendee may rely upon the representations of the vendor as to any extrinsic fact affecting the value of the property sold, and if he does so rely, and the representations are fraudulently made to induce him to buy, he may maintain an action for the deceit.

A request for instructions to the jury must be applicable to the evidence.

CASE, for deceit in the sale and transfer of notes and a mortgage. The defendant, at the house of the plaintiff, in Quincy, Mass., offered the plaintiff, in payment of the balance due on a farm and other land sold, three promissory notes, amounting to $1,700, signed by one Austin, and secured by a mortgage of land in Lynn, Mass., subject to a prior mortgage of about $1,500. The evidence tended to show that the defendant represented that the land in Lynn was worth $5,500, and had upon it a nice, large, two-story house, and that the land without the house was worth $1,000. The plaintiff, relying on the defendant's statement, and having no other knowledge of the Lynn property, took an assignment of the notes and mortgage in payment of the balance due him. Austin was worthless, and it was not known where he was, and the Lynn property was not worth the amount of the first mortgage upon it, and was soon after sold on that mortgage for $1,200.

The house upon it was a small, story-and-a-half house.    The plaintiff has never been able to collect anything on the notes or mortgage.

The defendant requested the court to instruct the jury that any statements made by him at the time of the trade, as to the value of the property he proposed to trade, were not actionable, even if the statements were known by him to be untrue.    The court declined to give the instructions requested, and the defendant excepted.

*S. B. Page*, for the defendant.

*A. P. Carpenter* and *G. F. Putnam*, for the plaintiff.

Smith, J.    The jury were instructed in substance as follows: An estimate of value is not a representation on which, although untrue, an action can be maintained, and mere puffing, by placing exaggerated values on property for the purposes of sale, is not such a representation.    If the statement is that the property sold is worth a particular sum, known to the person making the representation to be largely in excess of its value, accompanied by a description of the property known to him to be untrue, and tending to show the property to be worth more than it is, and made for the purpose of deceiving the party to whom the representations are made, and he has no means of knowing the facts, and relies on the representations, he can recover for the injury sustained by the deception.    No exceptions were taken to these instructions. The decisions are uniform, that the purchaser may maintain an action of deceit if the seller fraudulently misrepresents the quality of the property sold, in particulars of which the purchaser did not have equal means of knowledge with himself, or, having such means, is induced to forego further inquiry which he otherwise would have made.    *Stevens* v. *Fuller*, 8 N. H. 463; *Hanson* v. *Edgerly*, 29 N. H. 343; *Hoitt* v. *Holcomb*, 32 N. H. 185, 203; *Page* v. *Parker*, 43 N. H. 363, 368; *Messer* v. *Smyth*, 59 N. H. 41; *Simar* v. *Canaday*, 53 N. Y. 298, 306; *Ellis* v. *Andrews*, 56 N. Y. 83; *Small* v. *Atwood*, Younge 461; *Harvey* v. *Young*, Yelv. 20; *Ekins* v. *Tresham*, 1 Lev. 102; *Pasley* v. *Freeman*, 3 T. R. 51; *Stebbins* v. *Eddy*, 4 Mason 414, 423; *Medbury* v. *Watson*, 6 Met. 246, 260; *Manning* v. *Albee*, 11 Allen 520; *Mooney* v. *Miller*, 102 Mass. 217; *Brown* v. *Leach*, 107 Mass. 364; *Savage* v. *Stevens*, 126 Mass. 207.

The instructions requested related exclusively to statements as to the value of the property sold, and would have been correct if the defendant had made no other representations, for it is deemed the folly of the purchaser to credit such assertions, value being a matter of judgment and opinion about which men may differ. *Page* v. *Parker*, 43 N. H. 363, 368; *Hemmer* v. *Cooper*, 8 Allen

334; *Brown* v. *Castles*, 11 Cush. 348; *Gordon* v. *Parmelee*, 2 Allen 212. But the defendant's representations also embraced an untruthful description of the property, the dwelling-house being small, and a story and a half in height, and not a nice, large, two-story house, as represented. As the plaintiff had not equal means of knowledge, and relied upon these statements and was deceived by them, he is entitled to recover.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.