DANIEL F. PALMER *vs.* SAMUEL BELL.

Cumberland.    Opinion March 22, 1893.

*Sale.  Deceit.  False Representations by Vendor.*

In order to sustain an action on the case for deceit in the sale of real or personal property, the deceit or fraud relied upon must relate distinctly and directly to the contract, and affect its very essence and substance, and it must be material to the contract.

If it is extrinsic and collateral to the contract, or relates to it only in a trivial and unimportant way, it affords no ground of action.

Thus, where the plaintiff purchased a farm of the defendant, and a right of way was expressly reserved in the deed, the plaintiff knowing of this right of way being upon the farm and having his attention called to it and the defendant during the negotiations of purchase stated to the plaintiff that there was no trouble whatever in regard to this right of way over the premises about to be purchased; *Held*, That such statement did not constitute a legal cause of action notwithstanding the same may have been false, and known to be false by the defendant.

Such statement related to matters entirely outside the deed, extrinsic and collateral to it, not affecting the title or quality of the land, or the essence or substance of the contract of conveyance, but rather to the conduct of the parties in the use of the right of way clearly defined in the deed.

On motion and exceptions.

The case is stated in the opinion.

*S. C. Strout* and *J. A. Waterman*, for plaintiff.

*J. W. Symonds* and *L. B. Dennett*, for defendant.

Foster, J.    This is an action on the case to recover damages for alleged deceit in the sale of a farm by the defendant to the plaintiff.    The case comes before us upon exceptions and motion for a new trial.

When the defendant purchased this farm which he afterwards sold to the plaintiff, a right of way was reserved in the deed from what may now be termed the Clifford house and land to the main road leading from Portland to Gray.    In the deed, which the defendant received from his grantor, the way is specifically set out and the rights of the parties fully defined.    The defendant conveyed to the plaintiff, and in his deed, by express reference to the deed he had taken, precisely the same reservation as to this right of way was made.

The writ contains two counts, both based upon substantially the same alleged misrepresentation, that, being about to purchase the farm, the defendant, during the negotiations, stated to the plaintiff that there was not and never had been any trouble whatever between himself and Clifford in regard to this road.

At the trial it was claimed on the part of the defense that if these representations were made by the defendant at the time with reference to the sale of the farm, and if it was proved that they were not true, still they did not constitute a legal cause of action.

But the judge in charging the jury, among other things, instructed them in effect that the statement made to the plaintiff by the defendant during the negotiations for the sale and purchase of the farm,— that there was no trouble in regard to the right of way which Charles E. Clifford had over the premises about to be purchased,— would, if proved to have been made, and

to have been false and known to be false by the defendant, be such a material misrepresentation as would sustain the plaintiff's action.

The only inquiry which we consider essential in deciding this case upon the exceptions raised, is whether, assuming the misrepresentations to have been proved as stated, they constitute a legal cause of action against the defendant. We think they do not.

It is well settled that to be actionable the fraud or deceit relied upon must relate distinctly and directly to the contract, must affect its very essence and substance, and it must be material to the contract; for if it relates to another matter, or to this only in a trivial and unimportant way, or is wholly extrinsic and collateral, it affords no ground of action. 2 Par. Con. *769. To entitle a party to sustain an action for deceit on account of fraudulent misrepresentations, it must appear that the statements were made in relation to some fact or facts material to the subject matter of the transaction. As was said by this court in *Long* v. *Woodman*, 58 Maine, 49: "It is not every misrepresentation, relating to the subject matter of the contract, which will render it void or enable the aggrieved party to maintain his action for deceit. It must be as to matters of fact, substantially affecting his interests, not as to matters of opinion, judgment, probability, or expectation." Hence, it is the well recognized doctrine of the courts in this State and Massachusetts, if not in many others, repeatedly recognized and acted upon in relation both to real and personal property, that the statements of the vendor as to its value, or the price which he has given or been offered for it, are so commonly made by those having property to sell in order to enhance its value, that any purchaser who confides in them is considered as too careless of his own interests to be entitled to relief, even if the statements are false and intended to deceive. *Medbury* v. *Watson*, 6 Met. 246, 259, 260; *Manning* v. *Albee*, 11 Allen, 520, 522; *Hemmer* v. *Cooper*, 8 Allen, 334; *Brown* v. *Castles*, 11 Cush. 348, 350; *Long* v. *Woodman*, 58 Maine, 49, 52; *Martin* v. *Jordan*, 60 Maine, 531, 533; *State* v. *Paul*, 69

Maine, 215; *Richardson* v. *Noble*, 77 Maine, 390, 392; *Bourn* v. *Davis*, 76 Maine, 223, 225. With regard to such statements the maxim of *caveat emptor* applies, and they are to be received with great allowance and distrust. It is folly for the purchaser to rely upon such statements, in disregard to his own judgment and means of information. They do not fall within that class of representations upon which actions have been held to lie when made in relation to past or existent facts, material to the contract, and pertaining to the quantity, quality or condition of the property, as in *Martin* v. *Jordan*, 60 Maine, 531, where a fraudulent affirmation was made by the defendant to the plaintiff as to the quantity of hay cut the previous year; or *Rhoda* v. *Annis*, 75 Maine, 17, in relation to the quantity of hay cut in previous years; or *Ladd* v. *Putnam*, 79 Maine, 568, where the misrepresentations related to the boundary lines, the quantity of land and the amount of annual products; or *Atwood* v. *Chapman*, 68 Maine, 38, where misrepresentations were made in regard to the title to the land sold, a fact known to the seller, concealed from the purchaser who had not equal means with the seller of ascertaining the fact, and not ascertainable by the use of ordinary diligence; and many other cases of like nature.

Even in cases where the misrepresentations are in reference to material facts affecting the value of the property, and not merely expressions of opinion or judgment, the law holds that the person to whom such representations are made has no right to rely upon them, if the facts are within his observation, or if he has equal means of knowing the truth, or by the use of reasonable diligence might have ascertained it, and is not induced to forego further inquiry which he otherwise would have made. *Gordon* v. *Parmelee*, 2 Allen, 212, 214; *Savage* v. *Stevens*, 126 Mass. 207, 208; *Rhoda* v. *Annis*, 75 Maine, 17, 27; *Brown* v. *Leach*, 107 Mass. 364; *Parker* v. *Moulton*, 114 Mass. 99; *Veasey* v. *Doton*, 3 Allen, 380; *Bradbury* v. *Haines*, 60 N. H. 123, 125; *Bowles* v. *Round*, 5 Vesey, 509. "The common law affords to every one reasonable protection against fraud in dealing; but it does not go to the romantic

length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information." 2 Kent, Com. *485.

In the case before us, the alleged misrepresentation was not one upon which the purchaser had a right to rely. It did not relate to any fact material to the quantity, quality, or intrinsic value of the farm, or to the validity of its title. It related to matters not embraced within the contract of conveyance, but, on the contrary, to the conduct of Clifford in his use of the right of way which was clearly defined by deed. The plaintiff had full knowledge of the provisions of the deed. The negotiations for the purchase of the farm were made when upon the farm, with the way then existing pointed out to the plaintiff. He looked the farm over, as he says, and saw this road, and was told how it came to be there. He was told by the defendant that if he purchased the farm the same reservations would be made as to this right of way which had been made to the defendant when he bought. There was no misunderstanding between the parties in reference to the precise character of this right of way, or its location upon the face of the earth. The misrepresentation relied upon by the plaintiff in support of this action has reference to matters entirely outside the deed, extrinsic and collateral to it, not affecting the title or quality of the land, or the essence and substance of the contract itself, but relating exclusively to the manner of living under the defendant's deed while he and Clifford were occupants of adjoining farms.

The statement that the defendant said there was no trouble about a right of way, and which is relied on as the gist of this action, was too vague and uncertain in its meaning to warrant the plaintiff to rely upon it; its weight when legally considered, can be no more than though the defendant had stated that Clifford was an amiable man and a good neighbor, and would make no trouble in the use of the way. The statement can be considered no more than mere seller's statement, and furnishes no ground for an action for damages, any more than statements in regard to value, price paid, or offers received. They are, strictly speaking, *gratis dicta*, mere affirmations of the vendor on which

the vendee cannot safely rely; and will not excuse his own want of viligance and care in omitting to ascertain whether they are true or false, or what credit should be given to the assertions. As the case shows, no suit was pending in relation to this way; and any misrepresentations as to what may or may not happen in the future are merely promissory in their nature, and afford no legal cause of action. *Long* v. *Woodman, supra.* No reason is shown why the plaintiff might not have readily ascertained from Clifford the truth or falsity of the statement of which he complains.

With the view of the case which we have taken in reference to the alleged misrepresentation, it becomes unnecessary to consider the remaining exceptions, or the motion for new trial.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY and HASKELL, JJ., concurred.