# JAMES W. SHANKS v. E. T. & M. A. WHITNEY.

## January Term, 1894.

*What is actionable fraud in sale of property.  Misrepre-
sentations.  Not merged in written contract.  As
to value of thing sold.  Variance.
Rule of damages.*

1.  To constitute actionable fraud in the sale of property the false
representations or concealments must be of existing facts,
relating to the subject matter of the contract, affecting its
essence and substance, known to be false by the vendor, not
open to the knowledge of nor known by the purchaser,
made by the vendor and relied upon by the purchaser as
inducements to the contract.

2.  The plaintiff owned a farm in Vermont and the defendant a
house and lot in the city of Boston, both of which were en-
cumbered by mortgage, and in respect to which they en-
tered into a written contract for exchange.  In the negotia-
tions which preceded the execution of this contract the
plaintiff informed the defendant that the Boston property
would be of no value to him unless he could replace the
mortgage, and the defendant thereupon stated that he knew
a man who would replace it at a lower rate, and would
turn the chance over to him.  He further represented that
a portion of the lot had been taken by the city for a street
and sidewalk and that the owners had a claim against the
city of Boston for said appropriation which would go with
the lot.  Both these representations were in fact false, as
the defendant knew.  *Held*, that they were so connected
with the subject matter of the contract as to render the de-
fendant liable to an action for deceit.

3.  They were not so merged in the subsequent written contract
that they might not be shown on trial by parol.

4.  The defendant could not show in recoupment that the plaint-

iff represented his farm to be of much greater value than it actually was, for that was mere matter of opinion and not actionable. It is not decided whether recoupment applies to actions of tort.

5. The declaration alleged that the defendant had waived his claim against the city for the appropriation of the lot as a street. The evidence tended to show that such waiver had been by the defendant's grantor. The question of variance was not raised in the county court. *Held*, that this was not such a variance as was "material and substantial, affecting the right of the matter," which could, under R. L., s. 1391, be insisted upon in the supreme court for the first time.

6. The evidence of the plaintiff tended to show that a former owner of the premises had dedicated to the public that portion òccupied by the street and sidewalk. The court charged in effect that to constitute such dedication the former owner must have thrown open this portion of the lot with an intention thereby permanently to dedicate it to the public use, and that it must ever after have been occupied in recognition of such right in the public. *Held*, that this sufficiently instructed the jury that there must have been an acceptance of such dedication.

7. The statute law of another state cannot be considered in the supreme court unless shown as matter of fact in the court below.

8. The plaintiff claimed damages in respect of two elements: First, for that there was no claim against the city; second, for that he could not replace the mortgage, and therefore lost the property on foreclosure. In respect to the first element, the court instructed the jury that the measure of damages would be the "difference between the value of the property with such a claim as was represented to be, and its value without such a claim; that is, the value of the claim." In respect to the second element, that if the plaintiff had used diligent effort to replace the mortgage, had failed, and had, therefore, lost the property upon foreclosure, the measure of damages would be "the difference between the value of the property as he would have had it with the mortgage replaced and the value of the deed with the property gone on the mortgage; that he would be entitled to the difference between the amount of the mortgage and the fair value of the property," *held*, correct.

Case for deceit in the exchange of real estate. Plea, the

general issue.   Trial by jury at the September term, 1892,
Windham county, MUNSON, J., presiding.   Verdict and
judgment for the plaintiff.

The plaintiff owned a farm situated in Guildford, Vt., and
the defendant Zulima A. Whitney, the wife of the defend-
ant E. T. Whitney, owned a lot on which were certain ten-
ement houses in the city of Boston.   In December, 1890,
the plaintiff and the defendant E. T. Whitney, acting for
his wife, entered into negotiations for an exchange of these
properties, which finally resulted in a written contract for
exchange, dated December 23, 1890.

The plaintiff did not claim to recover by reason of any
misrepresentations as to the value of the Boston property,
but claimed to recover on account of the defendant's false
representations to the effect that the mortgage which then
rested upon the property could be replaced, and that the
owners of the property had a claim against the city of Bos-
ton on account of its appropriation of a part of the lot for
street purposes.

The evidence of the plaintiff tended to show that there
was in fact a mortgage of fifteen thousand dollars on the
defendant's lot which fell due March 1, 1891; that during
the negotiations for the exchange, he represented to the de-
fendant that the property would be of no value to him unless
the mortgage could be replaced, and that the defendants then
assured him that the mortgage could be replaced, and that
there was to their knowledge a party then ready to take the
mortgage at a lower rate of interest, and that the plaintiff
should have the benefit of this opportunity.

The evidence of the plaintiff further tended to show that
the defendants represented, as an inducement to the ex-
change, that a portion of the lot had been appropriated by
the city of Boston for the purpose of a street and a sidewalk,
and that there was a claim in favor of the owners of the lot
against the city of Boston amounting to two thousand dol-

lars, which the city expected to pay and was ready to pay, and that this claim should be turned over as a part of the exchange.

These representations were all made previous to the execution of the written contract, and the defendant objected that under the circumstances the contract was the best evidence of the trade, and that parol evidence was not admissible, and excepted to the admission of such evidence. The written contract stated that the property of the defendants was encumbered to the amount of fifteen thousand dollars, but said nothing about replacing the mortgage, nor about any claim against the city for damages.

The plaintiff's evidence further tended to show that, after acquiring the property he made diligent effort to replace the mortgage, and called upon the defendant to assist him; that he was unable to find any one who would replace it, and that the defendant neither would nor attempted to assist him in so doing, nor gave him the name of any person who would do so; that, being unable to replace the mortgage or get the time extended, the mortgage was foreclosed and·the property sold at auction; that at the time he was trying to replace the mortgage he applied to the street commissioners of the city for payment of the amount due on account of the appropriation for street purposes, and was informed that nothing was due or would be paid, inasmuch as the land had been given by the former owners to the city for street purposes, the lot having been greatly benefited thereby; all of which was known to the defendants.

The above testimony as to the replacing of the mortgage and the occupation of the land for street purposes, was received under the defendants' exception.

The defendants offered to show by way of recoupment that the plaintiff's farm was called in the exchange nine thousand dollars; that the plaintiff represented to the defendants that this was the true value of the farm; that the

defendants relied upon said representations in making said contract; but that the farm was not worth in fact more than four thousand dollars, as the plaintiff well knew. This evidence was excluded under the exception of the defendants.

The remaining questions raised and decided sufficiently appear in the opinion.

*Haskins & Stoddard* for the defendants.

The alleged false representations do not so relate to the subject matter of the contract as to be actionable. *Dawe* v. *Morris*, 149 Mass. 188; *Palmer* v. *Bell*, 85 Me. 352; *Mooney* v. *Miller*, 102 Mass. 217; *Veasey* v. *Doten*, 3 Allen 380; *Hedden* v. *Griffen*, 136 Mass. 229; *Long* v. *Woodman*, 58 Me. 49; *Cabot* v. *Christie*, 42 Vt. 121; *Randall* v. *Farnum*, 52 Vt. 539.

The jury should have been instructed that in order to work a dedication of this land to the public there must have been an acceptance by the public. *Bowers* v. *Suffolk Mfg. Co.*, 4 Cush. 332; *Hemphill* v. *Boston*, 8 Cush. 196; *Folsom* v. *Underhill*, 36 Vt. 586.

Any representations made in the previous negotiations were merged in the written contract. *Smith* v. *Higbee*, 12 Vt. 118.

The defendant should have been permitted to recoup the damages sustained by their reliance upon the plaintiff's false representations as to the value of his farm. *Carey* v. *Guillow*, 105 Mass. 18.

*Waterman, Martin & Hitt* for the plaintiff.

Parol evidence was admissible to show the misrepresentations which induced the contract. The action is not upon the contract, but upon the misrepresentations which procured it. *Johnson* v. *Miln*, 14 Wend. 199; *Munford* v. *McPherson*, 1 Johns. 44; *Antel* v. *Sexton*, 27 N. E. Rep.

691; *Randall* v. *Farnum*, 52 Vt. 539; *Cabot* v. *Christie*, 42 Vt. 121; *Chamberlain* v. *Fuller*, 59 Vt. 247; *Smith* v. *Scribner*, 59 Vt. 96.

The representations of the plaintiff as to the value of his farm were properly excluded. They were mere matters of opinion. *Smith* v. *Richards*, 13 Pet. 42; *Slaeighter* v. *Derson*, 13 Wall. 383; *Farnsworth* v. *Duffer*, 142 U. S. 47; *Mahaffey* v. *Ferguson*, 27 Atl. R. 21; *Saunders* v. *Hotterman*, 2 Ired. (N. C.) 32; *Credle* v. *Swindell,* 63 N. C. 305; *Bishop* v. *Small*, 63 Me. 12; *Long* v. *Woodman*, 58 Me. 49; *Mooney* v. *Miller*, 102 Mass. 217; *Wire* v. *Fuller*, 29 N. J. 257; 2 Chitty Cont., 1044; 2 Pars. Cont., 275; Sto. Eq. Jur., s. 197.

ROSS, C. J. To constitute actionable fraud or deceit in the sale of property, the false representations or concealments must be of existing facts—not of facts that will exist, nor of promises, nor of matters of judgment, nor of opinion—relating to the subject matter of contract, affecting its essence and substance, known to be false by the vendor, not open to the knowledge of nor known by the purchaser, made by the vendor, aud relied upon by the purchaser, as inducements to the contract. *Childs* v. *Merrill*, 63 Vt. 463; *Palmer* v. *Bell*, 85 Me. 352; *Burns* v. *Dackary*, 156 Mass. 135; *Nash* v. *Minn. Title Ins. Co.* (Mass.), 34 N. E. Rep. 625.

I. Tested by this rule, did the evidence have a tendency to establish a right of recovery in the plaintiff? The subject matter of the contract, so far as needful to be considered here, was the equity of redemption in a building lot and the building thereon in the city of Boston. The premises were subject to a large mortgage which will fall due in less than three months after the contract of purchase. Before entering upon negotiations, the plaintiff informed the defendants that the value of the equity of redemption to him would

be nothing unless the mortgage could be replaced. Hence representations on the subject of replacing the mortgage were made material by the terms of the negotiations, and the value of the equity in the premises was made dependent upon whether the mortgage when due could be replaced, and whether at a lower rate per cent. Its value also was dependent upon whether the occupation of a portion of the lot for a street and sidewalk was under such circumstances that the city was legally liable to pay for its use of it. In reference to replacing the mortgage, the plaintiff's testimony was to the effect that the defendant represented that he then had a man who was ready to replace the mortgage, when it became due, at a lower rate of interest, and that he could turn this opportunity over to the plaintiff. He also represented that the occupation of a portion of the lot by the street and sidewalk was under such circumstances that the city was legally liable and ready to pay therefor. The testimony tended to show that the defendants knew that these representations were false, and that they made them to induce the plaintiff to make the contract; that the plaintiff did not know, nor have reasonable means of ascertaining, their falsity, and was induced by them to enter into the contract. Hence the defendant was not entitled to have a verdict ordered in his favor, as he requested.

While these representations, found to be false by the verdict of the jury, led up to and induced the making of the contract, they were not provided for, nor attempted to be provided against, by the contract nor by the deed, and therefore were not merged in them. The deed conveyed the portion of the lot covered by the street and sidewalk, and doubtless conveyed any claim existing against the city, for taking this portion of the lot for highway purposes. The deed has not been furnished to this court, nor is it shown, whether it contained covenants against the occupation of this portion of the lot for highway purposes. We cannot assume it did.

The non-existence of this claim against the city for such occupation occasioned the damages on this point. Without a covenant in the deed against the use of this portion of the lot for highway purposes—which cannot be assumed—this cause of action did not become merged in the deed. Hence the contention for a merger of either of these causes of action in the contract or deed, is not sustained.

II.  Nor did the court err in rejecting the testimony offered to be shown in recoupment, on the ground that the plaintiff misrepresented in regard to the market value of the farm which he conveyed to the defendant in exchange for his pro perty.  Such representations are matter of opinion and non-actionable.  Each party must be held to form and act upon his own opinion in regard to the market value of the property, which he either examines or has an opportunity to examine.  In thus holding, whether recoupment applies to actions of tort, is not considered.

III.  The defendant contends that there was a variance between the allegations in the writ and the plaintiff's proof in regard to by whom a waiver to the right of damages for taking a portion of the lot conveyed for highway purposes, was made. In that, the declaration charged that such waiver had been made by the defendants and the proof was that, if made, it was by the defendants' grantor.  The question of variance was not made in the county court.  Unless raised and passed upon by the trial court, it cannot be considered in this court " unless such variance is material and substantial, affecting the right of the matter." R. L. 1391. This variance does not affect the " right of the matter."  If the defendants knew that the right to damages for this use of a portion of the lot had been waived, their representation that is still existed and passed by their deed to the plaintiff, was, as regards them, as false and as injurious to the plaintiff as though the waiver had been made by themselves.

Nor was there error, as contended by them, in that por-

tion of the charge which related to a waiver of this claim for damages, or a dedication of this portion of the lot to the public. It was to the effect that to constitute such dedication the former owner must have thrown open this portion of the lot with the intention thereby permanently to dedicate it to public use, and that it had ever after been occupied in recognition of such a right in the public. They contend that this did not require the jury to find an acceptance of such dedication. While the word acceptance is not used, we think what was said about it ever after having been occupied in recognition of such right in the public, was in law the equivalent of acceptance. The statute law of Massachusetts on this subject was not shown in the court below, and cannot be considered on this question in this court. At common law the use of this portion of the lot by the public, in recognition of the right conferred by the dedication, is an acceptance.

IV. The defendants contend there was error in the charge of the court on the subject of damages. They say that the rule of damages, in such case,

" Is the difference between the value of the property as it was represented to be, and its value as it was in fact at the time of the sale or exchange."

This is a correct statement of the rule. When applied to the subject matter and circumstances, it is the rule laid down by the county court. With reference to whether the equity of redemption in the lot covered a claim for damages for the use of a portion of it for street and sidewalk, the court told the jury if they found that the defendants represented that such a claim was included in the equity of redemption of the lot conveyed, and if this representation was found to be false to the knowledge of the defendants, the plaintiff was entitled to recover therefor the

" Difference between the value of the property with such a claim as there was represented to be and its value without such a claim—that is the value of the claim."

In this statement the court adopted nearly the language of the rule as formulated by the defendants' counsel. By adding " that is the value of the claim," the court neither added to nor took away from the rule it had just expressed in other language. The value of the represented claim was the difference between the value of the property if it was as represented, and its value as it was in fact. The language of the charge, on the other branch, must be read in the light of the evidence which was before the jury, and to which the court had carefully called their attention. When the defendants first met the plaintiff with reference to making the exchange of property, the plaintiff informed them that if the mortgage could not be replaced he would not look at the defendant's property, for he was not able to raise the money to pay the mortgage when it should become due. This fully informed the defendants that if the plaintiff made the exchange, unless the mortgage could be replaced he would be obliged to let the property go on the mortgage, or that it would be of no value to him above the mortgage. In order to recover on this branch of the case, the court told the jury that the plaintiff must establish that the defendant, E. T. Whitney, acting for his wife, falsely represented that he had a man ready to replace the mortgage at a lower rate of interest, and that he would turn this opportunity over to the plaintiff, and that the plaintiff had used diligent effort to replace the mortgage ; that having established these facts, the plaintiff would be entitled to recover

" The difference between the value of the property as he would have had it with the mortgage replaced and the value of the deed with the property gone on the mortgage ; that he would be entitled to the difference between the amount of the mortgage and the fair value of the property."

When applied to the facts of the case, and what had gone before in the charge on this subject, the language quoted, in

legal effect, is the same as the rule contended for by the counsel of the defendants.

*Judgment affirmed.*