HUTTIG SASH & DOOR COMPANY, Respondent, v.
CHARLES A. GITCHELL AND MUNICIPAL
TRUST COMPANY, Appellants.

St. Louis Court of Appeals, February 2, 1897.

1. **Promissory Note**: ERASURE: EXECUTION OF NOTE ON SUNDAY: LIABILITY OF INDORSERS: EVIDENCE: DEMURRER.   In a suit on a promissory note, taken in part settlement of another note, on the back of which was an indorsement by defendants with the words "without recourse on us" erased, an admission by the attorney of defendants, who represented them in the settlement, made to officers of plaintiff company, "that he had a hard time to get him to do it," meaning the president of defendant company, and referring to such erasure, was competent evidence, as a part of the *res gestae;* and a defense to the note in suit that it was executed on Sunday, and was given without consideration, could not be interposed by defendants to avoid liability on their contract as indorsers.

2. ———: EVIDENCE: INSTRUCTIONS.   Where there was no substantial conflict in the evidence as to the material facts in issue, instructions given in the light of the testimony, which were equivalent to telling the jury to find the issues for plaintiff, was not error.

3. ———: PRINCIPAL AND AGENT: FRAUD: ESTOPPEL.   Where the defendants, in such case, received the benefit of the transaction in question, made by their agent for them, they were estopped from denying his authority to make such transaction.   *Watson v. Bigelow,* 47 Mo. 413.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED, all the judges concurring; Judge BIGGS in
the result.

No briefs filed.

BLAND, P. J.—The respondent held a note of
$760.65, for the payment of which the appellants were

liable as indorsers. This note was past due, and had been protested for nonpayment, and the respondents were pressing the appellants for payment. Charles A. Gitchell, one of the appellants, and president and manager of other appellant, on February 5, 1894, addressed the following letter to the respondent:

"St. Louis, Feb. 5th, 1894.
*"Huttig Sash & Door Co.*,

"Gentlemen:—In the matter of the protested note, please present the facts to Mr. R. L. Rowden, Atty. at Law, Room 203, Old Times Bldg., N. E. Cor. Broadway & Chestnut Sts. He has full authority to settle same so far as my liability goes.

"Very truly yours,
"Chas. A. Gitchell."

This letter was received on the day of its date, and on that day or the next succeeding one, Huttig, the president, and Siegel, the secretary of the plaintiff's company, with this letter, called upon Rowden for the settlement of the $760.65 note. Rowden offered $300 in cash, some small notes, and a note as follows:

"$190.00.          "St. Louis, Oct. 15th, 1893.

"Six months after date I promise to pay to the order of the Municipal Trust Company one hundred and ninety $\frac{00}{100}$ dollars, value received, negotiable and payable without defalcation or discount, with interest at the rate of 8 per cent per annum from date, at International Bank of St. Louis, Mo.

"James Clyde."

Upon the back of which was the following indorsement: "Without recourse on us Municipal Trust Company, by Chas. A. Gitchell, Prest. Chas. A. Gitchell." Huttig declined to take this note with the character of indorsement made by appellants. Rowden then said he would see Gitchell about it, and took the note and went to the office of the Municipal Trust Company,

where he had a consultation with Gitchell, after which he returned to his office with the note in his possession, which then had a pen mark drawn lengthwise through the words "without recourse on us" over the indorsements of the appellants, and remarked "I had a hard time to get Gitchell to do it." The $760.65 note was then settled by $300 cash, some other notes (about which there is no controversy), and this note of $190. At the maturity of this note of $190 it was duly presented for payment at the International Bank (place of payment), protested for nonpayment, and notice given the appellants. Afterward suit was instituted before a justice of the peace, which eventually by appeal and change of venue, found its way into the St. Louis county circuit court, where upon trial respondent recovered judgment, from which the Municipal Trust Company and Charles A. Gitchell have duly appealed to this court.

Gitchell, in his testimony, says that in the consultation with Rowden on the day of the settlement nothing was said about the note in suit, but the conversation was about a $180 note of Rowden's, which Rowden agreed to put in the settlement, if Gitchell would pay him $50, and that he paid the $50 to Rowden; also that he did not authorize Rowden or anyone else to erase the words "without recourse on us" on the back of the note, and that the words were on the back of the note when Rowden left the office and returned to complete the settlement. He also, on cross-examination, stated that after the settlement Rowden brought the $760.65 note into the Municipal Trust Company's office, and left it there. Rowden was not a witness. Divers objections were made by appellants to the admission of testimony in the progress of the trial. As they all appear to us to have been

*PROMISSORY note: erasure: execution of note on Sunday: liability of indorsers: evidence: demurrer.*

frivolous, they will not be noticed, further than to state that except the admission of the declaration of Rowden, made when he returned from his consultation with Gitchell, "that he had a hard time to get him to do it," referring to the erasure of the words "without recourse on us" on back of the note, was competent evidence; it was made pending the settlement, explains the transaction as to this note, and is for these reasons a part of the *res gestae*. There was evidence also that the note was executed on a Sunday and was given without consideration. If the respondent was a *bona fide* holder of this note, for value by indorsement by appellants, they can not interpose these defenses against respondent. Demurrers were interposed by appellants, by way of instructions to find for defendants, at the close of plaintiff's evidence, and on the whole of the evidence, which were properly refused by the court. The court gave the following instruction for respondent:

"The court instructs the jury that if they believe from the evidence that defendant Gitchell and defendant Municipal Trust Company employed one Rowden as their agent to settle their liability to the Huttig Sash and Door Company on a note of $760.65 and that said Rowden received from said defendants a check of $300 and some small notes including the one sued on in this case and that said Rowden delivered the cash and notes and that the note sued on was at the time of delivery of the notes to plaintiff in the same condition in which it now is, and that said Rowden obtained the note of $760.65 and delivered the same to these defendants, then the jury shall find for the plaintiff and against both defendants for one hundred and ninety dollars with interest at the rate of eight per cent per annum from October 15, 1893, and expenses of

protest fees amounting to $3.90 and render a verdict for the whole amount so due."

The court refused the following instructions asked by the appellants:

"3. Upon the whole evidence plaintiff can not recover against defendant Charles A. Gitchell and your verdict must be in favor of said defendant."

"4. Upon the whole evidence plaintiff can not recover against defendant Municipal Trust Company and your verdict must be in favor of said defendant."

"5. If you find from the evidence that the note read in evidence was executed on Sunday and without consideration, then your verdict must be for defendants."

"6. If you find from the evidence that the words 'without recourse on us' appearing above the indorsements of defendants Municipal Trust Company and Charles A. Gitchell, upon the note read in evidence were erased without the authority or direction of either of said defendants, then your verdict must be for defendants."

The court modified instruction number 6 asked by appellants, and gave it in the following form:

"If you find from the evidence that the words 'without recourse on us' appearing above the indorsements of defendants Municipal Trust Company and. Charles A. Gitchell upon the note read in evidence were erased without the authority or direction of either of said defendants or his or their duly authorized agent or attorney, then your verdict must be for defendants."

The instructions given, in the light of the testimony, were tantamount to an instruction telling the jury to find the issues for the respondent. Was this.

error? We think not. There was sub-
EVIDENCE: in-
structions.   stantially no conflict in the testimony as to
the material facts in issue; that Rowden
was the agent of appellants to make the settlement, is
conclusive; that he returned from the office of the
Municipal Trust Company, where he had a conversa-
tion with Gitchell, with the note in the condition it
was in at the trial, is proven by Huttig and Siegel, and
denied by no one. That this note was taken in part
settlement of the liability of appellants on the $760.65,
is not denied, and that appellants got the benefit of
this settlement by the surrender of the $765.60 note to
them, is confessed by Gitchell.

We will concede that Gitchell's letter to the Huttig
Sash & Door Company, stating that Rowden had full
power to settle this matter, did not authorize him
to erase the words "without recourse on
PRINCIPAL and
agent: fraud:   us," indorsed over the signatures of the
estoppel.   appellants on the back of the note. What
then? Suppose the erasure was a forgery, who must
suffer, the principals of· the dishonest agent, or the
innocent victim of his fraud? Certainly not the inno-
cent victim. The conduct and declarations of Rowden,
about this erasure and the circumstances under which
it was made, were such as to put Huttig at his ease,
throw him off his guard, and prevent inquiry. Row-
den's conduct was such as to lead Huttig to believe
that Gitchell himself had made the erasure. If Gitchell
did not himself make the erasure, nor authorize
Rowden to make it, in the course of his service to
appellants, then Rowden perpetrated a fraud upon
respondent, and was perhaps guilty of forgery, for which
appellants are civilly responsible to the respondent.
*Rhoda v. Annis*, 75 Me. 17; *Eilenberger v. Protective
Fire Mutual Ins. Co.*, 89 Pa. St. 464; *Shaw v. Port
Phillips Mining Company*, 13 Q. B. Div. 105; *Barwick*

*v. English Joint Stock Bank Ex. Ch.*, L. R. 2 Ex. 259; *Lynch v. Mercantile Trust Company*, 18 Fed. Rep. 486; *Martin v. Benoit*, 20 Mo. App. 262: *Garretzen v. Duenckel*, 50 Mo. 104; *McNichols v. Nelson*, 45 Mo. App. 446. Appellants received the benefit of this transaction, made by their agent for them. They can not reap the fruits of this fraud, if fraud it was, and repudiate the act by which they have profited. *Watson v. Bigelow*, 47 Mo. 413.

Counsel in his elaborate brief has cited us to many cases on the inviolability of commercial paper, and on the well established doctrine of the law of agency to the effect, that a principal is not bound by the act of his agent when done in excess of the latter's authority. From what has been said it will be seen that these principles of law are not applicable under the facts of this case. It is also contended that the Municipal Trust Company was not a party to this transaction and that Rowden was not its agent in this matter. The letter of Gitchell to respondent designating Rowden as his agent to settle his (Gitchell's) interest, does not mention the Municipal Trust Company, and if we had to look to this letter alone for Rowden's authority, we would most readily assent to the appellants' contention, but when we look at the entire transaction and the relation of the parties, we find that Gitchell was the president and manager of the company; that the notes and funds put into the hands of Rowden, by which to make this settlement, were presumably the notes and funds of the company. According to Gitchell the note in suit was unquestionably the property of the company. We find Gitchell at the office of this company, in consultation with Rowden about their settlement; we find that the $760.65, after the settlement, was taken by Rowden to the company and delivered to it, and received by it. With these facts in view the conclusion

necessarily and logically follows that Rowden was in this settlement acting for both the trust company and Gitchell. Both were profited by the transaction; both have accepted the benefits of the settlement, and both are equally bound by that settlement and estopped to deny Rowden's agency. The judgment is clearly for the right party. We discover no prejudicial error in the rulings and instructions of the lower court, and the judgment is affirmed.

All concur; Judge BIGGS in the result.

### CONCURRING OPINION.

BIGGS, J.—There was evidence tending to prove that Rowden had full authority to adjust the plaintiff's claim. The letter written by Gitchell to plaintiff and the subsequent dealings between Rowden and the defendants concerning the settlement, furnish satisfactory evidence of the agency. Rowden first offered the note in suit to plaintiff with the conditional indorsement, but the plaintiff refused to accept it, unless the indorsement was made unconditional. Rowden left plaintiff's office and went directly to Gitchell's office, where he had a conversation with Gitchell. After the conference he returned to plaintiff's office and presented the note with the words "without recourse on us" erased, stating at the time that he had a hard time to get Gitchell to change the indorsement, or words to that effect. These facts bring the case clearly within the principle that the declarations of the agent are admissible against his principal if made during the agency and in regard to a transaction pending at the very time. *Corrister v. Railroad*, 25 Mo. App. 619. Therefore the court committed no error in admitting the statements made by Rowden concerning the erasure.

The defendants attempted to avoid liability on their contract as indorsers, by showing that the note

was executed on Sunday and was without consideration. This they could not do, and all evidence bearing on these questions should have been excluded. The contract of an indorser is, *first*, that the note will be paid according to its purport, provided payment is demanded at maturity; *second*, that it is in every respect genuine; *third*, that it is a valid instrument; *fourth*, that the parties to the note are competent to contract; *fifth*, and that he had a good title to the note. 1 Daniel, Neg. Instrs., sec. 666a. Hence it is absurd that defendants should be allowed to escape liability by offering testimony in disparagement of their contract of indorsement.

There was no serious dispute about the facts stated in the instruction given at the instance of the plaintiff, therefore it was practically a direction to find the issues for the plaintiff. It will be observed, however, that the instruction ignores the alleged unauthorized act of Rowden in making the erasure. Was this omission prejudicial? I think not. Now, it is not denied that the plaintiff received the note from Rowden under the belief that the erasure complained of was made by Gitchell or by his authority, and that on the faith of it, the plaintiff accepted the note and surrendered the one it held against the defendants. Under these circumstances the defendants are clearly estopped from averring and proving want of authority in Rowden to make the erasure, if he did make it. This is upon the principle that they, by employing him as their agent, gave him character and put him in a position to commit the fraud, and that the plaintiff being an innocent party must not be made to suffer on account of it. *Richardson v. Palmer*, 36 Mo. App. 88; *Borwick v. Bank*, L. R. 2 Eq. 259; *Shaw v. Mining Co.*, 13 Q. B. Div. 105; *Eilenberger v. Ins. Co.*, 89 Pa. St. 464; *Rhoda*

*v. Annis,* 75 Me. 17. Therefore it is obvious that the defendants were in nowise prejudiced by the incompleteness of the instruction.